NATHAN ROSENBERG and GERTRUDE ROSENBERG, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rosenberg v. Commissioner
Docket No. 3174-74.
United States Tax Court
T.C. Memo 1978-303; 1978 Tax Ct. Memo LEXIS 209; 37 T.C.M. (CCH) 1263; T.C.M. (RIA) 78303; August 7, 1978, Filed Nathan Rosenberg, pro se. Jack H. Klinghoffer, for the respondent. FORRESTER
MEMORANDUM OPINION FORRESTER, Judge: Respondent has determined deficiencies in petitioners' Federal income taxes for the years 1969 and 1970, in the respective amounts of $ 1,423 and $ 2,076, and section 6653(a) additions to the tax in the respective amounts of $ 71 and $ 103.80. Respondent has now conceded the negligence penalty addition for each year and the only remaining question is whether the selling price of options sold by petitioner-husband, and giving purchasers the right to purchase securities at a stated price, are taxable to petitioners as capital gains or *210 as ordinary income when the purchasers allowed said options to expire unexercised. All of the facts have been stipulated and are so found. Those necessary to an understanding of the case are as follows. Petitioners maintained their legal residence at the time the petition herein was filed in Jamaica, New York. They filed joint Federal income tax returns for the years in issue. Gertrude Rosenberg is a party herein only because of the joint returns and, consequently, Nathan Rosenberg will hereinafter be referred to as petitioner. On unidentified dates petitioner sold 15 options to third parties giving them rights to purchase shares in several corporations. The total sales price of these options was $ 7,000, and the expiry dates of said options all occurred during 1969. At other unidentified dates petitioner sold 25 options to third parties giving them rights to purchase shares of several corporations, the sales prices of the options totaling $ 10,275. These options all had expiry dates occurring during 1970. None of the above options were exercised and, consequently, all of them lapsed on their respective expiry dates. Petitioner has filed no brief nor made any oral *211 argument. Examination of his returns indicates that he treated the amounts as capital gains during the years in issue and respondent's determination treats these same amounts as ordinary income in the year 1969 as to those options which expired in that year, and for the year 1970 as to those options which expired in that year. Section 1.1234-1(b), Income Tax Regs., provides, in pertinent part: (b) Failure to exercise option. * * * Any gain to the grantor of an option arising from the failure of the holder to exercise it is ordinary income. * * * Revenue Ruling 58-234, 58-1 C.B. 279, provides, in pertinent part: The amount (premium) received by the writer (issuer or optionor) for granting a "put" or "call" option, which is not exercised, constitutes ordinary income, for Federal income tax purposes, under section 61 of the Internal Revenue Code of 1954, to be included in his gross income only for the taxable year in which the failure to exercise the option becomes final. We have no way of knowing what theory or theories petitioner may have had in mind when returning the amounts in issue as capital gains. Several questions arising in this *212 field are considered in Virginia Iron Coal & C. Co. v. Commissioner,99 F. 2d 919 (4th Cir. 1938), affg. 37 B.T.A. 195 (1938), cert. denied 307 U.S. 630 (1939), and Koch v. Commissioner,67 T.C. 71 (1976). These cases define an option precisely, and support the respondent's determination--as do we on the record in the instant case. Because of respondent's concession as to the negligence penalty, Decision will be entered under Rule 155.